THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. State Bar No.: 144524])
Assistant United States Attorney
Chief, Environmental Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4536
     Facsimile: (213) 534-4300
     E-mail: joseph.johns@usdoj.gov

ORIGINAL

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 07-1065-PSG |
| Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT KAIT CORPORATION |
| v. | ) |
| KAIT CORPORATION, doing business as Baba's Pasta, ARMEN GARABEDIAN, BERJ GARABEDIAN, BETTY SHIRINYAN, | ) |
| Defendants. | ) |

     1.  This constitutes the plea agreement between KAIT CORPORATION, doing business as Baba's Pasta, ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.
//

PLEA TO INFORMATION

3. Defendant gives up the right to defendant by a grand jury and agrees to plead guilty to Count One of the Information in <u>United States v. Kait Corporation, doing business as Baba's Pasta, Armen Garabedian, Berj Garabedian, and Betty Shirinyan</u>, Case No. CR-07-1065-PSG.

CORPORATE AUTHORIZATION

4. Defendant represents that it is authorized to enter into this Agreement. On or before the date of entry of the Plea Agreement, defendant shall provide to the United States and the Court a written statement in the form of notarized legal documents certifying that defendant corporation is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that the President is authorized to take these actions, and that all corporate formalities for such authorizations have been observed.

ORGANIZATIONAL CHANGES AND APPLICABILITY

5. This Agreement shall bind defendant, its successor corporation if any, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this Agreement. No change in name, change in corporate or individual control, business

1 reorganization, change in ownership, merger, change of legal
2 status, sale or purchase of assets, or similar action shall alter
3 defendant's responsibilities under this Agreement.  Defendant
4 shall not engage in any action to seek to avoid the obligations
5 and conditions set forth in this Agreement.

## NATURE OF THE OFFENSE

6. The parties stipulate and agree that under well-established principles of corporate liability and <u>respondeat superior</u>, as these principles apply in this case, defendant is liable for the actions of its agents and employees. <u>New York Central and Hudson River R.R. v. United States</u>, 212 U.S. 481, 495 (1909); <u>United States v. Beusch</u>, 596 F.2d 871 (9th Cir. 1979); <u>United States v. Hilton Hotels Corporation</u>, 467 F.2d 1004-1007 (9th Cir. 1972).

7. In order for defendant to be guilty of Count One, which charges a violation of Title 21, United States Code, Sections 458(a)(2)(B) and 461, the following must be true: the defendant, by and through the actions of its agents and/or employees:  (1) did sell, transport, and offer for sale or transportation in commerce, or cause to be sold, transported, and offered for sale or transportation; (2) poultry products required to be inspected under the Poultry Products Inspection Act; and (3) such poultry products had not been so inspected at the time of such sale, transportation, offer for sale or transportation.  Defendant admits that defendant is, in fact, guilty of this offense as described in count seven of the defendant.  Defendant admits that defendant is, in fact, guilty of this offense as described in Count One of the Information.

PENALTIES

8. The statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Sections 458(a)(2)(B) and 461 by a corporate defendant is: a five year term of probation, pursuant to 18 U.S.C. § 3561(c)(1); a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), or twice the gross pecuniary gain derived from the crimes or twice the gross pecuniary loss caused to the victims of the crime, pursuant to 18 U.S.C. § 3571(d), whichever is greatest; and a mandatory special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

SUSPENSION/REVOCATION/DEBARMENT

9. Defendant understands that if defendant holds any regulatory licenses or permits, the convictions in this case may result in the suspension or revocation of those licenses and permits. By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.

FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts attached hereto and incorporated herein by reference as Attachment A to this agreement. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 13 below. It is not

meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

### WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite its plea of guilty, defendant retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

12. Defendant understands that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

## TOTAL OFFENSE LEVEL/NO ADDITIONAL ADJUSTMENTS APPLY

13. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors from Chapter 8, Part C:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 10 | [U.S.S.G. § 8C2.3 and reference to 2N2.2 and 2B1.1 (predicated on an actual profit amount of approximately $27,370.90 on illegal sales of meat and poultry-filled ravioli falsely labeled and invoiced as "non-meat" or "seafood" products, between January 31, 2002 and October 7, 2002)] |
| Base Fine | : | $20,000 | [U.S.S.G. § 8C2.4] |
| Culpability Score | : | 4 | [U.S.S.G. § 8C2.5 (subtract one point for acceptance of responsibility per (g)(3)] |
| Minimum Fine | : | $16,000 | [U.S.S.G. § 8C2.6] |
| Maximum Fine | : | $32,000 | [U.S.S.G. § 8C2.6] |

Subject to paragraph 16, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the compliance history, be imposed.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

14. There is no agreement as to defendant's compliance history or compliance history calculations.

## NO *BOOKER*/§ 3553(a) VARIANCES

15. Defendant and the USAO also agree and stipulate that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing Guidelines effective on November 1, 2007 represent a reasonable basis for the Court to determine defendant's sentence in this case, and agree that defendant should be sentenced in accordance with the Sentencing Guidelines. Therefore, subject to paragraph 16, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that the Court (a) not follow the Sentencing Guidelines in imposing sentence; (b) impose a sentence not in accordance with the Sentencing Guidelines; or (c) impose a sentence outside the sentencing range corresponding to the determined total offense level.

16. The stipulations in this agreement do not bind either

the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.

## DEFENDANT'S OBLIGATIONS

17. Defendant agrees that it will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

g) Defendant agrees that it shall be sentenced to pay a fine of $25,000 within 30 days of entry of judgment in this matter. Defendant further agrees to recommend such sentencing term to the Court at the time of sentencing.

h) Defendant agrees that he shall be sentenced to a term of informal and unsupervised court probation for a term of three years. Defendant further agrees to recommend such sentencing term to the Court at the time of sentencing.

## THE USAO'S OBLIGATIONS

18. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the Information as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a one-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 8C2.5(g)(3).

e) To recommend that defendant be placed on informal

1 and unsupervised court probation for a period of three.

  f) To recommend that defendant be sentenced to pay a fine of $25,000 within 90 days of entry of judgment in this matter.

## BREACH OF AGREEMENT

19. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea], and (b) the USAO will be relieved of all of its obligations under this agreement.

20. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

  a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

  b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

       c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence and fine between $16,000 and $32,000. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of probation imposed by the Court.

22. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence and fine between $16,000 and $32,000.

## COURT NOT A PARTY

23. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing

11

recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea

hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_/s/ Joseph O. Johns_                                  Date: 7/14/08
JOSEPH O. JOHNS
Assistant United States Attorney

As an authorized representative of defendant Kait Corporation, doing business as Baba's Pasta, ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me or Defendant's other than those contained in this Agreement. No one has threatened or forced me or defendant's in any way to enter into this Agreement. Finally, I am satisfied with the representation of defendant's attorney in this matter.

_/s/ Ben Parakur_                                      Date: 7/13/08
Authorized Representative
of Kait Corporation
Defendant

13

I am Kait Corporation, doing business as Baba's Pasta attorney. I have carefully discussed every part of this Agreement with the authorized representatives of defendant. Further, I have fully advised the authorized representatives of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of defendant's and its authorized representatives to enter into this Agreement is an informed and voluntary one.

_____  7-13-08
ANTHONY BROOKLIER, ESQ.     Date
Counsel for Defendant
Kait Corporation

**ATTACHMENT A**

FACTUAL BASIS FOR PLEA AGREEMENT

<u>United States v. Kait Corporation</u>, Case No. CR-07-1065-PSG

Between on or about September 14, 2001 and May 3, 2003, the KAIT CORPORATION, doing business as Baba's Pasta ("defendant"), located at 3815 Magnolia Boulevard, Burbank, California, operated as a gourmet catering business, a delicatessen, and as a specialty foods supplier to other delicatessen and restaurant businesses. At all time relevant to the Information in this matter, BERJ GARABEDIAN ("defendant") co-owned and operated the defendant corporation with his brother and co-defendant Armen Garabedian. His sister and co-defendant, Betty Shirinyan, was employed as the manager of the defendant's operations.

On or about September 14, 2001, inspectors of the United States Department of Agriculture, Food Safety and Inspection Service ("FSIS"), visited the kitchen operated by defendant and found it to be in violation of both the Federal Meat Inspection Act and Poultry Product Inspection Act for producing and selling meat and poultry products, namely, meat and poultry-filled ravioli, to the public without a grant of federal inspection. On or about the time of the inspection, co-defendant Betty Shirinyan was notified by the FSIS that defendant was in violation of federal meat and poultry inspection regulations for selling uninspected meat and poultry-filled ravioli.

On or about January 31, 2002, co-defendant Betty Shirinyan told a FSIS inspector that defendant had received the FSIS Notice of Warning and that the business was no longer producing meat and poultry ravioli for resale to other delicatessen or restaurant

1  customers.
2      A third FSIS inspection of the defendant's premises on
3  October 7, 2002 revealed that defendants had resumed production
4  of meat and poultry ravioli products in January or February 2002.
5  Between on or about January or February 2002 and October 7, 2002,
6  defendants sold approximately $121,217 of meat and poultry-filled
7  ravioli falsely labeled and invoiced as "non-meat" or "seafood"
8  products, which do not require federal inspection by FSIS, to
9  other delicatessen or restaurant customers.  Defendants' actual
10 profit or gain from these illegal sales was approximately
11 $27,370.90.
12     On or about September 27, 2002, in Los Angeles County,
13 within the Central District of California, defendant did cause
14 poultry-filled ravioli, required to be inspected under the
15 Poultry Products Inspection Act which had not been so inspected,
16 to be sold and transported to the Bistro Gardens, located at
17 12950 Ventura Boulevard, Studio City, California, and thereafter
18 caused such poultry products to be sold and offered for sale to
19 the Bistro Gardens' customers.  These products were falsely
20 labeled by defendant's employees and agents in order to defraud
21 the FSIS inspectors and regulatory scheme.